UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE W. GATES,

               Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

               Defendant.

CASE NO. C16-5325BHS

ORDER DENYING DEFENDANT'S MOTION WITHOUT PREJUDICE

This matter comes before the Court on Defendant Allstate Property and Casualty Insurance Company's ("Allstate") motion to bifurcate discovery and trial of breach of contract claim (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 8, 2016, Plaintiff Kyle Gates ("Gates") filed a complaint against Allstate in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. A ("Comp."). Gates alleges breach of contract; violations of Washington Consumer Protection Act, RCW Chapter 19.86; negligence/bad faith; and violations of Washington Insurance Fair Conduct Act, RCW 48.30.015. *Id.*

On May 2, 2016, Allstate removed the matter to this Court. Dkt. 1.

ORDER - 1

1       On June 28, 2016, Allstate moved to bifurcate Gates' breach of contract claim
2 from his extracontractual claims and stay discovery on the latter claims. Dkt. 7. On July
3 11, 2016, Gates responded. Dkt. 8. On July 15, 2016, Allstate replied. Dkt. 10.

4                              **II. FACTUAL BACKGROUND**

5       Gates alleges that Allstate improperly denied a claim under his homeowner's
6 policy. Comp. at ¶ 3.1. The basis of the claim is a theft of his home in July 2015. *Id.*, ¶
7 4.2. Gates was awarded the home in a dissolution decree, and, prior to the theft, Gates'
8 ex-wife informed Gates that the property he was awarded in the decree was left inside the
9 home. *Id.*, ¶ 4.6. However, when Gates obtained the home, the specific property was not
10 in the home and the home appeared to have been burglarized. *Id.* On October 13, 2015,
11 Allstate informed Gates that Allstate would not provide coverage for the loss because
12 Gates "failed to establish that a theft occurred" or that Gates was "the true owner of the
13 overwhelming majority of property claimed." *Id.*, ¶ 4.9.

14                                    **III. DISCUSSION**

15       Allstate moves the Court to bifurcate the issues of coverage from the issues of
16 improper claim handling and denial of coverage and then to stay all discovery on the
17 latter issues. Dkt. 7.

18       The Federal Rules of Civil Procedure permit a court to order separate trials on
19 issue or claims "[f]or convenience, to avoid prejudice, or to expedite and economize . . .
20 ." Fed. R. Civ. P. 42(b). The rule "confers broad discretion upon the district court to
21 bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending
22

resolution of potentially dispositive preliminary issues." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

The Court has the inherent power to stay proceedings. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

In this case, Allstate has failed to show that bifurcation and a stay are appropriate at this time. With regard to the former, Allstate's alleged prejudice is currently hypothetical. If, during the proceeding, Allstate can show that it will suffer actual prejudice, it may renew its request to bifurcate. Therefore, the Court denies Allstate's motion to bifurcate without prejudice.

With regard to a stay of discovery, Allstate has failed to show any actual prejudice from the "mixing of evidence." Dkt. 10 at 4. If Allstate must produce evidence that is only responsive to non-coverage issues *and* the evidence will prejudice its defense to coverage issues, then Allstate may move for a protective order. Otherwise, Gates has a right to obtain discovery on information relevant to his claims. Therefore, the Court denies Allstate's motion to stay discovery on the non-coverage issues.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Allstate's motion to bifurcate discovery and trial of breach of contract claim (Dkt. 7) is **DENIED** without prejudice.

Dated this 9th day of September, 2016.

BENJAMIN H. SETTLE
United States District Judge